IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ANCEL L. WILLIAMS §
            Plaintiff §
§ CIVIL ACTION NO.
vs. §
§ _____
FLINT HILLS RESOURCES, LP §
            Defendant. §

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

Come now Plaintiff **ANCEL L. WILLIAMS** complaining of Defendant **FLINT HILLS RESOURCES, LP** and for cause of action would show the Court and jury as follows:

### JURISDICTION

1. The court has jurisdiction over the lawsuit because the action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §623, as well as disability discrimination under the Americans With Disabilities Act of 1990 (ADA) and ADAA.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against defendant. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC.

### PARTIES

3. Plaintiff is an individual who resides in Nueces County, Texas. At all relevant times defendants employed plaintiff in their facility in Corpus Christi, Texas

4. Defendant FLINT HILLS RESOURCES, LP is a corporation organized and existing under the laws of the State of Texas and is authorized to do business in the State of Texas. Defendant may be served with process by service on its registered agent, CT Corporation System, 350 N. St. Paul, Suite 2900, Dallas, Texas 75201.

## MATERIAL FACTS

5. Plaintiff is a 57 male. On June 10, 1987, he was hired by Flint Hills Resources for the position of Vacation Relief Operator. At the time of Plaintiff's termination Plaintiff was (PSP) Process Specialist.

6. On or about January 3, 2010, Plaintiff Ancel L. Williams sustained a knee injury while on the job. Plaintiff was placed on light duty in an office type job processing permits with restrictions of no climbing. As a result Plaintiff was not allowed to work turnarounds, which resulted in lost wages and benefits.

7. On or about April 19, 2010, Plaintiff was released to return to work with the restriction of no climbing for one month. Plaintiff's release included restrictions of no kneeling,/squatting, bending/stooping, or climbing stairs/ladders. April 27, 2010 Plaintiff was told to report back to the Unit by Rodney Dilion, Refinery Center Manager. When Plaintiff got to the unit Kenny Goolsby, asked for a release from the Plant Medical Department. Plaintiff told Goolsby that he didn't have one, but that Rodney Dilion told him it was okay to come to the unit. Kenny Goolsby told Plaintiff that he could not work the Unit until he had a release from Plant Medical and was told to go back to the control room.

8. On May 6, 2010, Kenny Goolsby gave Plaintiff a document entitled Restricted Duty Guidelines which had been prepared by the medical coordinator, Dina Montalvo Ahrens. Plaintiff did not start performing the functions of his job with restrictions until about a week later or so later.

9. On or about May 9, 2010, Plaintiff re-injured his knee when he fell at work. The fall occurred at the end of Plaintiff's 7 day workday shift and he was going on 7 days off. Plaintiff returned at the end of his days off, and was sent back to a light duty assignment processing permits. Plaintiff worked this light duty assignment for approximately 3 weeks.

10. On or about June 23, 2010 Plaintiff had a meeting with his supervisor Danny Estes and the Refinery Center Manager Rodney Dillon in which they were trying to gather medical information. A follow up meeting was held on June 28, 2010 in with the HR Director Rodney Dillon and Bill Shelton, Petro-Chemical Manager asked if I had disability benefits.

11. On or about July 19, 2010 Plaintiff attended a meeting with Stace Gordon, Rodney Dillon and Danny Estes. Plaintiff was told by Stace Gordon that there were no jobs available at the plant. Plaintiff was given literature regarding short and long term disability and given a leave summary. Plaintiff was told that there were no jobs that he could placed in that accommodated his injury restrictions. Plaintiff was then told that he would receive benefits from his accumulated sick leave and vacation until December 16, 2010 at which time Plaintiff would placed on short term disability followed by long term disability.

## COUNT 1 - DISCRIMINATION UNDER THE ADEA

12. Plaintiff is an employee within the meaning of the ADEA and belongs to the class of employees protected under the statute, namely, employees over the age of 40. {See 29 U.S.C. §630(f).)

13. Defendant is an employer within the meaning of the ADEA.

14. Defendant intentionally discriminated against plaintiff because of his age in violation of the ADEA by removing him from his position because of his age and replacing him with a younger man.

15. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages;

> Plaintiff was terminated from employment with defendant and is entoitled to lost wages and benefits. Plaintiff has diligently sought and obtained other employment, but has been unable to find a job at comparable pay. In addition, plaintiff has incurred expenses in seeking other employment
>
> Plaintiff suffered loss of his pension or retirement benefits.
>
> Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Reinstatement of plaintiff in his previous position is impractical and unworkable. Therefore, plaintiff seeks an award of future lost wages and benefits to compensate him up to the mandatory retirement age of 70.
>
> Plaintiff is entitled to prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees.

Defendant's conduct was an intentional and willful violation of the ADEA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADEA.

## COUNT 2 - DISCRIMINATION UNDER THE ADA AND ADAA

16. Plaintiff is an employee within the meaning of the ADA and ADAA and belongs to the class of employees protected under the statutes.

17. Defendant is an employer within the meaning of the ADA and ADAA

18. Defendant intentionally discriminated against plaintiff because of his disability in violation of ADA by removing him from his position and failing to reasonably accommodate his disability and then terminating him.

19. Defendant regarded plaintiff as disabled and discriminated against plaintiff because of his disability in violation of ADA by removing him from his position and then terminating him because of his perceived disability.

20. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages;

   Plaintiff was terminated, resulting in lost pay and benefits.

   Plaintiff was terminated from employment with defendant. Plaintiff has diligently sought and obtained other employment, but has been unable to find a job at comparable pay. In addition, plaintiff has incurred expenses in seeking other employment

   Plaintiff suffered loss of his pension or retirement benefits.

   Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Reinstatement of plaintiff in his previous position is impractical and unworkable. Therefore, plaintiff seeks an award of future lost wages and benefits to compensate him up to the mandatory retirement age of 70.

   Plaintiff is entitled to prejudgment interest on lost wages and benefits and postjudgment interest on all sums, including attorney fees.

   Defendant's conduct was an intentional and willful violation of the ADA. Plaintiff is entitled to an award of liquidated damages within the meaning of the ADA.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant appears and answer herein, and that upon trial of this cause, each plaintiff have judgment against defendant for the following relief:

(1) an order permanently enjoining defendants from failing or refusing to hire any individual, discharging any individual, or otherwise discriminating against any individual with respect to his or her compensation or the terms, conditions or privileges of employment because of such individual's age or disability;

(2) back pay and front pay including all lost wages and employment benefits;

(3) compensatory damages for future reputational injuries, pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses for defendant's violations as set forth in counts one and two;

(4) punitive damages in an amount to be determined by the jury in accordance with state law;

(5) prejudgment and postjudgment interest at the legal rates;

(6) reasonable attorney fees and all costs of court; and

(7) such other and further relief, at law or in equity, to which plaintiffs may be justly entitled.

**Jury Demand**

Plaintiffs hereby demand a jury trial as to all issues triable by a jury.

Dated July 25, 2011.

        Respectfully submitted,

        **CHAPMAN LAW FIRM**
        538 S. Tancahua
        Corpus Christi, Texas 78401
        Telephone: (361) 883-9160
        Facsimile: (361) 883-9164

        /S/
        Stephen J. Chapman
        State Bar No. 24001870
        Federal ID. No. 32677

        **ATTORNEYS FOR PLAINTIFF**